IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDDIE ROY JACKSON, JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-00165 (RDA/TCB) |
| | ) |
| WILHELM RESTAURANT GROUP, | ) |
| INC., *et al.* | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Wilhelm Restaurant Group, Inc., 3289 Corporation, Rosemarie Kemmerer, and Douglas Hewitt's ("Defendants") Motion to Dismiss ("Motion") Plaintiff Eddie Roy Jackson, Jr.'s ("Plaintiff") Complaint. Dkt. 4. Plaintiff, who is proceeding *pro se*, has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and has not responded, has not requested additional time to respond, and has not otherwise indicated a desire to oppose the Motion. "This Court, nevertheless, is obligated to ensure that dismissal is proper even when a motion to dismiss is unopposed." *Adkins v. Beck*, No. 3:20-cv-821, 2020 WL 7211634, at *1 (citing *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014)). Considering Defendants' Memorandum in Support of the Motion (Dkt. 6), this Court GRANTS the Motion for the reasons that follow.

### I. BACKGROUND

For purposes of considering the Motion, the Court accepts all facts contained within Plaintiff's Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

According to Defendants, Plaintiff dual filed a Charge of Discrimination ("Charge") with the Prince William County Human Rights Commission ("PWC HRC") and the U.S. Equal Employment Opportunity Commission ("EEOC") on November 25, 2019. The Charge alleged, presumably under Title VII of the Civil Rights Act of 1964 ("Title VII"), race discrimination, gender discrimination, harassment, and retaliation by Defendants as well as an Equal Pay Act Violation. On September 2, 2021, the PWC HRC determined that "[n]o Probable Cause exist[s] to sustain the allegations of discrimination set forth" in Plaintiff's Charge. Dkt. 6-1 at 1. On October 7, 2021, the EEOC dismissed Plaintiff's Charge because it had adopted the findings of the PWC HRC. In that dismissal notice, Plaintiff was informed that he had 90 days from the day Plaintiff received the notice to file a lawsuit under federal law in federal or state court.

On January 6, 2022, Plaintiff filed his Complaint before the Prince William County Circuit Court. Dkt. 1-1 at 13. Plaintiff specifically claims that Defendants discriminated against him in violation of Title VII and the Equal Pay Act. Dkt. 1-1 at 3, 6. On February 16, 2022, Defendants filed a notice of removal to this Court. Dkt. 1.

Plaintiff alleges that between July of 2018 and July of 2019, Defendant Kemmerer, Director of Operations, and Defendant Hewitt, District Manager, racially discriminated against Plaintiff and other African American employees. Dkt. 1-1 at 6-7. Defendants Kemmerer and Hewitt allegedly failed to higher or promote African American employees, including Plaintiff, and placed these employees in "graveyard" shifts that diminished opportunities for recognition, promotion, bonuses, and higher wages. *Id*. Plaintiff further alleges that Defendants Kemmerer and Hewitt were aware of their managers "shav[ing] hours off" of employees time cards to reduce payroll expenses. *Id.* In response to Plaintiff raising these concerns with his employer, Defendant Kemmerer allegedly instructed Defendant Hewitt to "get rid of" Plaintiff. *Id.* Defendant Hewitt

allegedly responded by harassing Plaintiff and issuing him a disciplinary report which "hinder[ed]" Plaintiff's ability to perform his work responsibilities. *Id.* Plaintiff further complains of understaffed shifts and Defendant Hewitt "taking breaks off" Plaintiff's clock. *Id.* Lastly, Plaintiff alleges that two different African Americans were assaulted, including one by Defendant Hewitt. Plaintiff seeks $500,000.00 in compensatory relief.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction over a defendant. Defendants can challenge subject matter jurisdiction through a facial challenge to the complaint or a factual challenge to the allegations therein. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge argues that the complaint fails to allege facts sufficient to support a finding that a court has subject matter jurisdiction. *Id.* Thus, if the Rule 12(b)(1) motion is a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, the factual allegations of the complaint are treated as true. *Id.* In contrast, a factual challenge argues that the "jurisdictional allegations of the complaint" are not true. *Id.* (quoting *Adams*, 697 F.2d at 1219). Accordingly, in a factual challenge, there is no presumption that the facts in the complaint are true. *Id.* A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

B. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal when the Plaintiff has failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Two principles govern the application of the *Twombly* pleading standard. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id* at 679. A plaintiff has failed to state a claim where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. *Id.*

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va.), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

III. ANALYSIS

A. Timeliness of Claims

i. *Title VII Claims*

Defendants argue that Plaintiff's apparent Title VII claims were not timely filed before this Court in accordance with the 90 days he had to file his lawsuit after receipt of the EEOC dismissal on October 7, 2021. *See* 42 U.S.C. § 2000e-5(f)(1).

"This ninety-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the ninety-day period will be dismissed." *Moyer v. Shirley Contracting Co.*, LLC, No. 1:21-cv-46, 2021 WL 3671187, at *4 (E.D. Va. Aug. 18, 2021) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-93 (1982)). "If there is evidence of the actual date on which the plaintiff received notice" of the EEOC's right to sue letter, "that date controls." *Tillery v. Piedmont Airlines, Inc.*, No. 1:15-cv-1256, 2016 WL 5334673, at *6 (E.D. Va. Sept. 22, 2016) (citing *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 1166, 1168 (E.D. Va. 1986)). "Absent such evidence, the plaintiff will be presumed to have received the notice three days after the EEOC sent it." *Id.* A "plaintiff bears the burden of demonstrating that he or she timely filed his or her claim after receiving notice from the EEOC of his or her right to sue." *Dyson v. Henrico Cty. Sch. Bd.*, 2020 WL 7398836, at *4 (E.D. Va. Dec. 16, 2020). "The timing requirements for filing a lawsuit following an EEOC right-to-sue notice have been strictly construed." *See Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003).

Here, Plaintiff received his right to sue letter on October 7, 2021. Dkt. 1-1 at 5. Plaintiff has made no responsive filings in this matter and therefore does not contest the 3-day receipt of notice presumption. Thus, 90 days after the latest date Plaintiff can be presumed to have received notice of his right to sue letter lands on January 8, 2022, which was a Saturday. Federal Rule of Civil Procedure 6(a)(1)(C) provides that when counting days in determining deadlines, this Court must extend the deadline to the next day that is not a weekend or legal holiday. That gets Plaintiff's last day to timely file his Title VII claims to Monday, January 10, 2022. Seeing that Plaintiff did not file his case in the Prince William County Circuit Court until January 11, 2022 and he has "offered no reason for tolling the limitations period," Plaintiff's Title VII claims must be deemed untimely and therefore dismissed. *Lewis*, 271 F. Supp. 2d at 817-18. That Plaintiff missed the

filing deadline by one day does not provide this Court reason to deviate from the timing requirements. *See, e.g.*, *Harvey v. City of New Bern Police* Dep't, 813 F.2d 652 (4th Cir. 1987) (holding that a suit filed 91 days after notice untimely); *Boyce v. Fleet Finance Inc.*, 802 F. Supp. 1404 (E.D. Va. 1992) (holding that a suit filed 92 days after notice untimely).

Accordingly, Plaintiff's claims related to racial and gender discrimination, retaliation, harassment, and hostile work environment are dismissed.

### ii. Equal Pay Act ("EPA" or "Act") Claim

Defendants also argue that Plaintiff's EPA claim is untimely because it falls outside the presumptive two-year statute of limitations.

Pursuant to the Fair Labor Standards Act, claims brought under the EPA are generally cabined by a two-year statute of limitations from the date of the alleged violation. *See* 29 U.S.C. § 255(a). If a plaintiff proves that the violation was willful, that period extends to three years. *Id.*; *see McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988) ("To obtain the benefit of the 3-year [limitations period], the [plaintiff] must prove that the employer's conduct was willful . . . .").

Here, Plaintiff alleges violations occurring between July of 2018 and July of 2019. The latest possible date on which Plaintiff could file a general claim under the EPA would be in July of 2021. Because Plaintiff did not bring his claim before this Court until nearly six months after that period, at first glance, it appears that Plaintiff's EPA claim is also untimely. However, upon a reasonable and favorable reading of the Complaint, Plaintiff's only cognizable claim under the EPA is that his employer was allegedly shaving off time from his time card to save on labor costs. That allegation necessarily requires an element of willfulness on the part of the employer and is thus sufficient at the motion to dismiss stage to allege a willful violation of the EPA for purposes

of applying the appropriate statute of limitations.  Applying the three-year statute of limitations makes Plaintiff's EPA count timely filed.

Accordingly, this Court will proceed to evaluate the sufficiency of the EPA claim under Rule 12(b)(6).

## B.  Equal Pay Act ("EPA" or "Act")

Assuming, at a later stage, Plaintiff did demonstrate his employer willfully violated the Equal Pay Act, he falls short of pleading a facially plausible claim that Defendants violated their obligations to Plaintiff under the EPA.  The Act forbids employers from discriminating against employees on the basis of sex by paying wages "at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."  29 U.S.C. § 206 (d)(1).  To state a claim under the EPA, the plaintiff must demonstrate that (1) the company "paid higher wages to an employee of the opposite sex who, (2) performed equal work on jobs requiring equal skill, effort, and responsibility, (3) under similar working conditions."  *Spencer v. Va. State. Univ.*, 919 F.3d 199, 203 (4th Cir. 2019) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

Plaintiff does allege that Defendants Hewitt and Kemmerer were complicit in "shav[ing] hours off employee's time card[s] to decrease labor cost[s]."  However, the Complaint goes no further and therefore falls short in demonstrating that *Plaintiff* was paid at a lower rate than similarly situated female employees.  Accordingly, Plaintiff fails to state a claim under the EPA upon which relief could be granted.

7

## IV. CONCLUSION

For these reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 4) is GRANTED. The Complaint (Dkt. 1) is DISMISSED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to mail this Order to the address on file for Plaintiff.

It is SO ORDERED.

Alexandria, Virginia
March 30, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge